NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 7, 2018

Keith N. Biebelberg, Esq.
Biebelberg & Martin
Schoolhouse Plaza
374 Millburn Avenue
Millburn, NJ 07041
*Attorney for Plaintiff*

Rafael Vergara, Esq.
White & Williams LLP
The Legal Center
One Riverfront Plaza
1037 Raymond Blvd., Ste. 230
Newark, NJ 07102
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:    Khazin v. Geowealth Management, LLC et al.**
       **Civil Action No. 17-11487 (SDW)(CLW)**

Counsel:

Before this Court is Plaintiff Boris Khazin's motion to certify this Court's March 12, 2018 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), or in the alternative, to enter a partial final judgment as to the dismissed claim under Federal Rule of Civil Procedure ("Rule") 54(b). This Court, having considered the parties' submissions and reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, **DENIES** Plaintiff's motion.

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts germane to Plaintiff's motion. On March 12, 2018, after hearing oral argument, this Court granted Defendants' Motion to Dismiss Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim, N.J. Stat. Ann. § 56:8-19 (Count Three). (ECF Nos. 6, 16, 18.) On March 23, 2018, Plaintiff filed the instant motion requesting either leave to file an interlocutory appeal or entry of partial final judgment. (ECF No. 22.) Defendants filed their opposition brief on April 23, 2018, and Plaintiff replied on April 27, 2018. (ECF Nos. 29-30.)

1

**DISCUSSION**

    **A. Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)**

Under § 1292(b), permission to file an interlocutory appeal of a district court's decision should only be granted when:

> (1) the order involves a controlling question of law; (2) as to which there is *substantial* ground for difference of opinion; (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Kassin v. AR Res., Inc.*, No. 16-4171, 2017 U.S. Dist. LEXIS 164294, at *4 (D.N.J. Sept. 28, 2017) (citing § 1292(b)). "Even if all three criteria are present, the decision to certify is wholly within the district court's discretion." *Castro v. Sanofi Pasteur Inc.*, No. 11-7178, 2013 U.S. Dist. LEXIS 50784, at *7 (D.N.J. Apr. 9, 2013) (citing *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 U.S. Dist. LEXIS 91526, at *1 (D.N.J. Mar. 10, 2009)).

Here, Plaintiff fails to meet the requisite conditions for an interlocutory appeal. Plaintiff argues that under a liberal interpretation of the NJCFA, Plaintiff is entitled to protection as a "consumer," (ECF No. 22 at 1-2), and that "[a] substantial ground for difference of opinion exists . . . because at least one New Jersey court has found that a NJCFA claim states a cause of action not only when there is no privity, but *even when there is no direct contact between the parties*[,]" (ECF No. 30 at 2 (citing *Matera v. M.G.C.C. Grp., Inc.*, 952 A.2d 525 (N.J. Super. Ct. Law Div. 2007))). Importantly, *Matera* is not controlling law in this Circuit. Further, while it is true that this Court found that Plaintiff was not a "consumer" for purposes of the NJCFA claim, the dismissal of his claim was not based on that finding alone. Thus, Plaintiff's disagreement with this Court's analysis is insufficient to warrant a permissive appeal.

During oral argument, this Court explained that Plaintiff failed to establish that he suffered an "ascertainable loss" or that the performance calculations at issue were sold to the public, both of which are required to assert a NJCFA claim. *See Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (explaining "[t]o state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff"); *see also Marketvision/Gateway Research, Inc. v. Carter*, No. 10-1537, 2012 U.S. Dist. LEXIS 29157, at *3 (D.N.J. Mar. 6, 2012) (explaining that as part of a NJCFA claim a plaintiff must allege that the goods at issue were sold to the public).

Additionally, this Court found that the learned professional exception exempted Defendant Ivo Ivanov from liability under the NJCFA because the transaction at issue was coordinated between two financial industry professionals on behalf of their respective financial institutions. *See Friest v. Luxottica Group S.P.A.*, No. 16-3327, 2016 U.S. Dist. LEXIS 174955, at *8 (D.N.J. Dec. 16, 2016). As such, this Court finds that there is no substantial difference of opinion, and an interlocutory appeal of the March 12, 2018 Order would only delay the ultimate resolution of the case.

## B. Partial Final Judgment Pursuant to Rule 54(b)

Rule 54(b) permits district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To determine whether an entry of final judgment is appropriate, courts must first determine whether there is a final judgment on a cognizable claim for relief, and if so, then consider whether there is any just reason for delaying appellate review. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

Here, the parties do not dispute that dismissal of Plaintiff's NJCFA claim is a final disposition as to that claim. Therefore, this Court need only consider whether there is any just reason for delaying appellate review. In making this determination, courts consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like.

*Castro*, 2013 U.S. Dist. LEXIS 50784, at *8 (citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006)). "In keeping with their responsibility to ensure that appeals are not raised in piecemeal fashion, courts should focus their inquiry on 'whether the pending issues and those that have been dismissed are legally and factually separable.'" *Id.* at *9 (quoting *U.S. Golf Ass'n v. St. Andrews Sys., Data-Max, Inc.*, 749 F.2d 1028, 1031 n.5 (3d Cir. 1984)).

Having considered these factors, this Court is not persuaded that entering a partial final judgment is appropriate. Indeed, the adjudicated and unadjudicated claims involve the same parties and raise common questions, including whether Defendant Ivo Ivanov's statements were negligent or fraudulent misrepresentations that caused Plaintiff to lose his job. Moreover, the need for appellate review could become moot if, as discovery proceeds, a determination is made as to whether the statements were misrepresentations. There is also a risk that "grant[ing] . . . leave to appeal at this stage would raise a substantial likelihood that the Third Circuit may have to revisit these questions on a future appeal after final disposition of Plaintiff[']s] claims before this Court." *Id.* at *10. Further, given the unpredictability of the amount of time for an appeal, entering partial final judgment would foreseeably delay this litigation. Therefore, Plaintiff's motion is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for certification of an interlocutory appeal or for partial final judgment is **DENIED**. An appropriate order follows.

                                        /s/ Susan D. Wigenton
                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Cathy L. Waldor, U.S.M.J.
               Parties